## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| CLARENCE LOCKETT, ) <br> On behalf of himself and all others ) <br> similarly situated, ) <br>                       Plaintiff, ) <br> vs. ) <br> ) <br> PET LAND, INC., a Georgia ) <br> Corporation and PETLAND, INC., ) <br> an Ohio Corporation, ) <br> ) <br>                       Defendants. ) | CIVIL ACTION <br><br> FILE NO. 5:09-cv-223 <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

Clarence Lockett, ("Plaintiff"), brings this action against Defendants by and through his attorney and alleges as follows:

1.

Plaintiff, Clarence Lockett, ("Plaintiff"), brings this action, on behalf of himself and others similarly situated, against Defendants for overtime compensation, minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a sales and kennel manager and performed related activities for Defendants in, among others, Muscogee County, Georgia. This action is brought under the FLSA

to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (2).

## PARTIES

4.

Plaintiff, Clarence Lockett is a resident of Columbus, Georgia located in Bibb County, Georgia and was employed by Defendants as a sales and kennel manager from November 2005 thru December 2008. Plaintiff has concurrently filed his Notice of Consent to Join pursuant to 29 U.S.C.§ 216 (b). *See Exhibit A.*

5.

Defendant, Pet Land, Inc., is a Georgia corporation that operates and conducts business in, among others, Muscogee County, and is therefore within the jurisdiction of this Court.

6.

Defendant, PetLand, Inc., is an Ohio corporation that operates and conducts business in, among others, Muscogee County, and is therefore within the jurisdiction of this Court.

7.

Pet Land, Inc. is an employer as defined by 29 U.S.C. 201 et. seq. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Registered Agent Brenda Robinson, 6719 Bay Pt Dr., Macon, GA, 31220.

8.

PetLand, Inc. is an employer as defined by 29 U.S.C. 201 et. seq. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Registered Agent Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA, 30092.

## VIOLATIONS OF THE FLSA

9.

At all material times relevant to this action, Defendants were enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203 (r) and 203 (s).

10.

For jurisdictional purposes of the FLSA, Plaintiff is also individually covered by the FLSA because he was engaged in interstate commerce during his employment with Defendants.

11.

At all times relevant Plaintiff has been an employee of Defendant within the meaning of FLSA.

12.

At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because during his employment with Defendants, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more work weeks.

13.

Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated to his, are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

14.

Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

15.

Plaintiff, and those similarly situated, are entitled to receive proper payment of time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week. During his employment with Defendants, Plaintiff, and those similarly situated, routinely worked overtime hours but were not properly compensated for same.

16.

As a result of Defendants' intentional, willful and unlawful acts by refusing to properly pay Plaintiff, and those similarly situated to him, their regular rate of pay for each hour worked in one or more weeks of employment with Defendants, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

17.

As a result of Defendants' willful violation of the FLSA, Plaintiff, and those employees similarly situated, are entitled to liquidated damages.

## COUNT II – RECOVERY OF MINIMUM WAGE COMPENSATION

18.

Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-13.

19.

Plaintiff was entitled to be paid minimum wage for each hour they worked during his employment with Defendants.

20.

Plaintiff's employment with the Defendants terminated December 2008. Since that time, Plaintiff has demanded compensation for hours worked but not compensated, but Defendants have refused and/or failed to compensate his for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during the last week of employment with Defendants.

21.

Defendants willfully failed to pay Plaintiff minimum wage for the last week of work with Defendants contrary to 29 U.S.C. § 206.

22.

As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for payment of all overtime hours at one and one-half of the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 26th day of June, 2009.

DEIRDRE M. STEPHENS, ESQ.
GA BAR NO: 678789
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Phone: 404-965-8811
Attorney for Plaintiff